United States District Court
District of Massachusetts

```
_____
                              )
SHAUN JENKINS,                )
                              )
        Petitioner,           )
                              )
        v.                    )   Civil Action No.
                              )   12-10793-NMG
KAREN BERGERON,               )
                              )
        Respondent.           )
_____)
```

**MEMORANDUM AND ORDER**

**GORTON, J.**

In December, 2014, this Court dismissed the habeas petition of Shaun Jenkins ("Jenkins"). Jenkins now requests a Certificate of Appealability.

## I. Background

In his habeas petition, Jenkins challenged his conviction on the following grounds: (1) violation of his Sixth Amendment right to testify, (2) ineffective assistance of counsel due to counsel's advice not to testify, (3) ineffective assistance of counsel due to failure to impeach and (4) violation of due process as a result of the Commonwealth's failure to disclose exculpatory evidence. The Court rejected all grounds for relief and dismissed the petition. Jenkins seeks a Certificate of Appealability on Grounds One, Three and Four.

## II. **Legal Analysis**

### A. Standard

Section 2253(c) of Title 28 of the United States Code provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner seeking a Certificate of Appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). The debatable-among-jurists-of-reason standard is a low barrier. A claim is considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). The petitioner must, however, prove "something more than the absence of frivolity or the existence of mere good faith." Id. When a habeas petition contains more than one potential ground for relief, a court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

### B. Application

In Ground One of his petition for writ of habeas corpus, Jenkins contends that he did not waive his Sixth Amendment right

to testify because his counsel unilaterally decided not to call him as a witness and that the Court should have conducted a de novo review with respect to that claim.  The Court declined to conduct a de novo review upon concluding that the Supreme Judicial Court reasonably adjudicated the argument.  The Court, however, acknowledges that reasonable jurists could disagree about that issue and therefore petitioner's motion for a Certificate of Appealability with respect to Ground One of his petition will be allowed.

Jenkins claims that his trial counsel rendered ineffective assistance by failing to impeach the Commonwealth's key witness with prior inconsistent statements and criminal convictions.  He also contends that his right to due process was violated because the Commonwealth failed to disclose or correct a material change in testimony of the same key witness.  With respect to the claims of ineffective assistance of counsel (Ground Three) and violation of due process (Ground Four), the Court concludes that Jenkins has not made a substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).  The Supreme Judicial Court has thoroughly and reasonably addressed those arguments and reasonable jurists therefore could not disagree as to either of those rulings.  Accordingly, the motion for a Certificate of Appealability with respect to Grounds Three and Four will be denied.

## ORDER

In accordance with the foregoing, the motion for a Certificate of Appealability filed by petitioner Shaun Jenkins is, with respect to the issue of waiver of his right to testify (Ground One), **ALLOWED,** but is, with respect to his claims of ineffective assistance of counsel (Ground Three) and violation of due process (Ground Four), **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 4, 2014